AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Robert John May, III ) | Case No.   C/R 3:25-778 |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
     ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
        § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
     ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
     ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
     ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
     ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
        **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. — *Specifically his minor children and others*

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted — *5-20 yrs — gov't submits closer to 240 mo. with images leading to potential heightened penalties*
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☑ Significant family or other ties outside the United States   Colombia
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☑ Use of alias(es) or false documents
- ☑ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See attached typed notes

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 06/12/2025            _____   Shiva V. Hodges
                             United States Magistrate Judge

Homeland Security Special Agent Britton Lorenzen testified as to the investigation into Defendant. Law enforcement received a cybertip on June 18, 2024 concerning 50 files of child sexual abuse material ("CSAM") distributed on 3.31.24 by Kik user "joebidennnn69" using a Samsung SM-G781U1 phone and using an AT&T IP address registered to Defendant at his West Columbia residence. Law enforcement confirmed the residence belonged to Defendant by using property records and two cars registered to Defendant and his wife.

A state search warrant executed at Defendant's residence on June 27, 2024, resulted in the seizure of two phones that were password-protected and that used the residence's password-protected internet service. One of the phones was a Samsung SM-G781U1, which was on the nightstand associated with Defendant's side of the bed, along with his CPAP machine. Law enforcement obtained a federal search warrant for the contents of that Samsung phone that revealed Kik, Telegram, Mega, Loki apps had been deleted from it on April 4, 2024. While no CSAM was stored locally on the Samsung phone, law enforcement's analysis revealed 220 unique CSAM files were sent through the Kik account that used the joebidennnn69 username. That Kik account was used over 1,100 times over a five-day period between March 31 and April 4, 2024. The Kik app was originally installed on the phone in December 2023. There was no CSAM or Kik applications on Defendant's wife's phone.

Law enforcement presented evidence that Defendant used the alias "Eric Rentling" to register Mega, Gmail, Facebook, and Paypal accounts and to coordinate travel arrangements. Defendant traveled to Bogota and Medellin in Colombia in 2024, corroborating 9 separate videos of Defendant's engaging in prostitution with who appeared to be Colombian young ladies whose anatomy appeared under or at the age of 18. Messages between Eric Rentling and the 9 ladies discussed the prostitution meet-ups.

Law enforcement found over 400 distributions of CSAM by Defendant, although the current indictment against him list only 10 counts. The counts are connected to images distributed through the IP address of his home or his Verizon phone. They include videos involving sexually-explicit chats and images involving prepubescent minors. The chats include a representation of Kik user joebidennnn69's preference for CSAM involving "Father mom daughter" and "bad dads"/"bad moms," which Agent Lorenzen indicated an interest in CSAM of fathers and mothers sexually abusing their own children.

Some of the time Defendant used the phone for CSAM, he also simultaneously used the phone to communicate with his wife and for his business, Ivory Tusk Consulting, including conducting research for legislation, and sending "Happy Easter" text message to his friend. On April 4, 2024, Defendant's laptop searched for the meaning of "hebe" (the erotic preference for pubescent children) after the term arose in his Kik messages. Images included CSAM of prepubescent minors, sadomasochism, and bestiality. The laptop was also connected to the Eric Rentling accounts, which included use for international travel for sex purposes for at least three or four times to Colombia. The search also revealed presence of firearms at May's residence.