AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of South Carolina ▼

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Target Location and Target Individual as particularly described in attachment A to the search warrant affidavit of SA Britton Lorenzen dated August 1, 2024

Case No. 3:24-cr-00655

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See description of Target Location and Target Individual in attachment A of the affidavit of HSI Special Agent Britton Lorenzen

located in the _____ District of ___ South Carolina ___, there is now concealed *(identify the person or describe the property to be seized)*:

See description of things to be seized in attachment B to the affidavit of HSI Special Agent Britton Lorenzen

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(b)(5) | Possession of child pornography |

The application is based on these facts:
See attached affidavit of HSI Special Agent Britton Lorenzen

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Britton B. Lorenzen*
*Applicant's signature*

Britton Lorenzen, Special Agent, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by video conference (FaceTime app) *(specify reliable electronic means)*.

Date: August 1, 2024

*Paige J. Gossett*
*Judge's signature*

City and state: Columbia, South Carolina

Paige J. Gossett, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| In the Matter of the Search of the **Target Location** at 338 Lake Francis Drive, West Columbia, SC 29170 and the Person of **Target Individual**, Robert John May, III | Case No. 3:24-cr-00655 |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Britton Baker Lorenzen, a Special Agent with Homeland Security Investigations (HSI), being first duly sworn, hereby depose and state as follows:

### I. Introduction and Agent Background

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant of the premises known as 338 Lake Frances Drive, West Columbia, SC 29170 (**Target Location**), which is believed to contain evidence of possession of child pornography committed by Robert John May, III (**Target Individual**).[1] Attachment A of this affidavit further describes the **Target Location** and a description of **Target Individual**, date of birth October 18, 1996. Attachment B further describes the evidence sought pursuant to the proposed search warrant and believed to be located at the **Target Location**, and on devices associated with the **Target Location**, including a Samsung SM-G781U1 Android smart phone (**Target Phone #1**), any other mobile devices utilized by **Target Individual** that may be located on his person, or any electronic devices, including but not limited to desktop computers, laptop computers, computer hard drives, electronic storage mediums or any other electronic device that

---

[1] **Target Individual** currently serves as the South Carolina State Representative for House District 88 in Lexington County.

agents have information and/or a reasonable belief were in **Target Individual's** possession or control and/or were used as a means to violate the Target Offense and that could contain evidence of, fruits, and instrumentalities of violations of the Target Offense.

2.  This affidavit is based upon my personal knowledge, experience, and training, and other information developed during the course of this investigation. This affidavit is also based upon information and experience imparted to me by other law enforcement officers. Because I am submitting this Affidavit for the limited purpose of demonstrating probable cause to search the **Target Location** and **Target Individual's** person, I have not included every fact known about this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that violations of Title 18, United States Code, Section 2252A(5)(B) (possession of child pornography) have been committed and that the **Target Location** and **Target Indivudal's** person contain evidence, fruits, and instrumentalities of this violation and contraband, as further described in Attachment B of this affidavit.

3.  I am a Special Agent (SA) with Department of Homeland Security (DHS), Homeland Security Investigation (HSI) and have been so employed since October 2009. I am currently assigned to the Columbia Office and to the Internet Crimes Against Children (ICAC) Task Force. In this capacity, I have conducted multiple victim, witness, and subject interviews that involve on-line child sexual exploitation, child pornography, child sexual abuse, sextortion, and associated criminal activity. I have investigated federal criminal violations related to child sexual exploitation and child pornography.

4.  I have participated in investigations in which perpetrators have used computers and mobile applications to commit violations involving the sexual exploitation of children. I have received training in the area of child pornography, child sexual abuse, and on-line sexual

exploitation. I have experience in observing and reviewing numerous examples of child pornography (as defined in 18 U.S.C. 2256) in all forms of media. These forms of media include computer media, magnetic storage media, and mobile applications in violation of state and federal laws, including variations of Title 18, U.S.C. 2252A(5)(B). I have also participated in numerous search warrants that involved child sexual exploitation and/or child pornography offenses. These investigations have led to arrests and convictions for violations of the federal code. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), and empowered by federal law to investigate and make arrests for offenses enumerated in Section 2518 of Title 18 of the United States Code.

5.      Prior to becoming a Special Agent with HSI, I was a Special Agent with the Department of Homeland Security, United States Secret Service (USSS) from 2004 to 2009 where I was assigned to the Computer Crimes Center and Protective Intelligence investigations. Previous to my employment with the Department of Homeland Security, I was a Criminal Investigator for the Spartanburg County Sheriff's Office from 2000 to 2004 where I was assigned to juvenile and sexual assault investigations. I completed the South Carolina Criminal Justice Academy which included training on various criminal matters.

6.      Since this affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not included every fact known to me concerning this investigation. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography) are located within the **Target Location**.

## II.   Target Offense

7.    Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C § 2252A(a)(5)(B) (Possession of Child Pornography) have been committed by **Target Individual**.

8.    I respectfully submit there is probable cause to believe **Target Individual** violated § 2252A(a)(5)(B) because there is probable cause to believe his conduct satisfies all three elements of the statute: (1) First, **Target Individual** possessed or accessed with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography; (2) that had been mailed, or shipped or transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means, including by computer, or was produced using materials that had been mailed, or shipped or transported in or affecting interstate commerce by any means, including by computer, and (3) Third, **Target Individual** acted knowingly.

9.    Based on my training, experience, and consultation with experienced agents assigned to investigate child sexual exploitation and child pornography, I know the following:

   a.   Persons who are involved with child pornography generally have other sexually explicit materials related to their interest in children, which may consist of photographs, motion pictures, videos, text material, computer graphics and digital or other images for their own sexual gratification, often including child erotica, which may consist of images or text writing involving sex with minors that do not rise to the level of child pornography but nonetheless fuel their deviant sexual fantasies involving minors. Such individuals are usually, but not always male. I am aware that this sort of material has been admitted in trials under Fed. R. Evid. 404(b) to prove such things as the possessor's knowledge, intent, motive, and identity and under Fed. R. Evid. 414 to prove the person has a sexual interest in minors.

   b.   Individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica. They do this to gain status, trust, acceptance, and support and to increase their collection of illicit images and child erotica. The different Internet-based vehicles used by such individuals to communicate with each other include, but are not limited to, peer-to-peer (P2P) chat and file sharing

   programs, e-mail, e-mail groups, bulletin boards, Internet Relay Chat (IRC), newsgroups, Internet clubs, and various forms of Instant Messaging such as Yahoo! Messaging, and "chat" that is sometimes saved on the user's computer or other digital storage media.

c.  Besides sexual photos of minors and child erotica, such individuals often produce and/or collect other written material on the subject of sexual activities with minors, which range from fantasy stories to medical, sociological, and psychological writings, which they save to understand and justify their illicit behavior and desires.

d.  Individuals who collect child pornography often collect, read, copy or maintain names, addresses, including e-mail addresses, phone numbers, and lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests, or have child pornography and child erotica for sale or trade. These contacts are maintained for personal referral, exchange or, sometimes, commercial profit. They may maintain these names on computer storage devices, web sites or other Internet addresses, and their discovery can serve as leads to assist law enforcement in proving the instant case and in apprehending others involved in the underground trafficking of child pornography.

e.  As for staleness concerns, individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect from discovery, theft, and damage their collections of illicit materials. The known desire of such individuals to retain child pornography, together with the sense of security afforded by using computers, provides probable cause to believe that computer images, especially child pornography and erotic nudity involving minors, will be retained by the collector indefinitely. These individuals may protect their illicit materials by passwords, encryption, and other security measures, save it on movable media such as CDs, DVDs, flash memory, thumb drives, and removable hard drives, which can be very small in size, including as small as a postage stamp, and easily secreted, or send it to third party image storage sites via the Internet.

III. **Probable Cause**

*Background of Investigation*

10. On May 27, 2024, KIK[2] sent CyberTipline Report 194328560 to the National Center for Missing and Exploited Children (NCMEC), regarding child pornography [3] (hereafter referred to as child sex abuse material (CSAM)) being transmitted via the social media platform, by KIK user: "joebidennnn69" on March 31, 2024, at 04:36:53 UTC.

11. NCMEC flagged 50 files as CSAM. Some of the files were duplicated, however there are 28 different videos containing CSAM. All files were verified by the Electronic Service Provider (KIK) as CSAM and can be described as displaying female minors between the approximate ages of 8-12 years engaged in sexual activities. One video can be described as the following: Video - 2e35c341-16b9-4dae-9dd0-666a498c5180.mp4, MD5 Hash Value: bffd6c7ef51603a5942f1095003bfe86, 6.79 MB and 00:52 seconds in length depicts a minor female approximately eight (8) years of age performing oral sex on an adult male.

---

[2] MediaLab/Kik is a social media company based out of Los Angles, California that operates the KIK Messenger Application. The KIK Messenger Application is a chat application that allows users to communicate, as well as share videos, and photographs both in group and person to person settings.

[3] Outside of the legal system, NCMEC chooses to refer to child pornography images as Child Sexual Abuse Material (CSAM) to most accurately reflect what is depicted – the sexual abuse and exploitation of children. "Child Pornography", as defined by congress, includes any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer images, or computer-generated images that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. 18 U.S.C § 2256(8).

12. The CyberTipline Report provided AT&T Internet Protocol (IP) address 162.234.188.43 (port 55950) as being used to download and share the CSAM. NCMEC geolocated [4] the IP address to West Columbia, SC (Lexington County). The South Carolina Attorney General's Office assigned the CyberTipline Report to the Lexington County Sheriff's Department in Lexington, SC.

13. On June 27, 2024, Detective Kevin Baum of the Lexington County Sheriff's Office obtained a state search warrant requesting all customer or subscriber information for the AT&T account associated with IP address 162.234.188.43 (port 55950). AT&T provided the billing party associated with IP address 162.234.188.43 is **Target Individual** and the service address is **Target Location**.

14. On June 27, 2024, Detective Baum obtained a South Carolina state court search warrant requesting the contents of KIK account related to username: "joebidennnn69". On July 12, 2024, KIK complied and provided the subscriber information for the account. The KIK user ""joebidennnn69" registered the account on March 30, 2024, at 01:42:44 UTC using a Samsung SM-G781U1 Android smart phone[5] and provided an unconfirmed email:

---

[4] Geolocation is the identification of the real-world geographic location of an object. This identification is done by generating a set of geographic coordinates such a latitude and longitude through GPS and using the coordinates to determine a meaningful location.

[5] Kik Messenger stores the phone's make and model information using device identifiers and system information. When the user installs and uses Kik on their phone, the app collects various details about your device, which typically includes: (a) Device Information: This includes the make and model of the device, operating system version, device identifiers (such as the device ID and possibly IMEI), and other hardware characteristics. (b)nSystem Information: Kik might collect system-related information such as the type of operating system, version number, mobile network information, and other technical details.This information is usually gathered during the app installation and whenever the app runs, allowing Kik to optimize the app's performance for different devices, troubleshoot issues, and provide relevant updates.

joehoe12368@gmail.com[6]. The above-referenced IP address (162.234.188.43) was also used to register the KIK account. The contents of the account also contained 265 videos displaying CSAM. One video can be described as MD5 Hash Tag:57faa941-9055-45cf-b3b9-c777ddec9574, 1.06 MB in size, and 00:08 seconds in length depicting an adult male using his penis to penetrate the vagina of a toddler female approximately three (3) years of age.

15. From March 30, 2024 until April 4, 2024, username "joebidennnn69" sent or received approximately 1,147 messages with other KIK users. The messages discussed trading CSAM with other users. On March 31, 2024 the following discussion occurred between "joebidennnn69" and another user:

joebidennnn69: Cheese[7] trade?
johnthorton7300: Sure
johnthorton7300: Whatchu got
joebidennnn69: What ya want?
johnthorton7300: Anyone that in highschool
johnthorton7300: Anything like these
joebidennnn69: I don't have much of that. But lots of younger.

16. On April 4, 2024 the following discussion occurred between "joebidennnn69" and another user:

joebidennnn69: Send the good stuff. Mom daughter, mom son, fucking, and vids in English
joebidennnn69: Or girl boy fucking.
pcjames99: Okay
joebidennnn69: What's your preference?
pcjames99: Father daughter
pcjames99: You?
joebidennnn69: Father mom daughter
pcjames99: I donâ€™(sic) see many father mother daughter
pcjames99: Is there a good amount going around?
joebidennnn69: No
pcjames99: Actually I might have one lemme look
pcjames99: Do you have any age 6-12?

---

[6] In response to a state search warrant sent to Google, Google indicated they had no records of this email address.
[7] "Cheese" is a slang term that means money, cash, or currency.

joebidennnn69: Yeah. Isn't that what I sent?

17. On July 08, 2024, at approximately 3:00 PM, Detective Baum conducted physical surveillance at **Target Location** and observed two vehicles parked in the driveway. The first vehicle, a dark color pickup truck, was backed into the driveway and the license tag was not visible. The second vehicle, a black Chevrolet Suburban, was pulled into the driveway and Detective Baum noted South Carolina license tag REP90 on a State Legislator plate. In my experience such license tags are used by State Legislators or their families. A database check using the South Carolina Department of Vehicles (SCDMV) indicated that SC REP90 is registered to **Target Individual** and Elisabeth Ruth Slawson with **Target Location** listed as their address.

18. There is also evidence that **Target Individual** has access to children inside his home. Open-source databases show **Target Individual** reported an address of **Target Location**. Other residents include **Target Individual**'s wife, Elisabeth Ruth Slawson, and two minor children. Further, a review of the Facebook page of **Target Individual**'s campaign confirm **Target Individual** has a minor son who is approximately six years-old and a minor daughter who is approximately two years-old.

19. Based on my training and experience, I submit there is probable cause to believe that the **Target Location** contains evidence of violations of the target offense including on devices in **Target Individual**'s possession.

*Target Location*

20. According to Lexington County property records, Elisabeth Slawson purchased the lot where **Target Location** stands for $249,000 on September 22, 2015.

21.  South Carolina Department of Motor Vehicle (SCDMV) records show **Target Individual** has two vehicles registered at **Target Location**, a 2017 Chevy Suburban with license tag, REP90, and a 2019 Dodge Ram with license tag 4305LN.

22.  On July 29, 2024 at approximately 09:30 AM, I conducted surveillance at **Target Location** where I observed the same Chevrolet Suburban bearing SC REP90 that was observed by Det. Baum on July 8, 2024. I also observed a white Honda Accord bearing SC WDS844 parked in front of the residence. I do not have any reason to believe the Honda Accord belongs to a resident of **Target Location**. I also observed several large "RJ May" campaign signs leaned up against the right side of the residence.

23.  Based on the facts set forth in this affidavit and my knowledge and experience, I submit there is probable cause to believe that **Target Individual** and his wife live at **Target Location**.

24.  Based on the above and my training and experience, I further submit there is probable cause to believe the **Target Location** is used by **Target Individual** to store electronic devices containing evidence of the target offense.

IV. **Conclusion and Requested Authority**

25. Based on the above, I respectfully submit that there is probable cause to believe that the **Target Location** contains evidence of violations of the Target Offense. Accordingly, if the requested warrant is approved, I respectfully submit relevant and probative evidence will likely be recovered.

26. This warrant seeks permission to seize any computers, cellular phones, electronic storage media, and other electronic device, including but not limited to a Samsung SM-G781U1 Android smart phone (**Target Phone #1**), described in Attachment B, that are located within the Target Location, as described in Attachment A. If these computers, electronic storage mediums, and cellular phones are located and seized, a separate search warrant will be sought and applied for to request permission to conduct a forensic analysis on said phones, computers or storage mediums, where they can be more specifically described and identified.

27. I further request, by way of a separate motion and proposed Order to Seal and for the reasons stated in that motion, that the Court order that all documents related to this application, including the affidavit, be sealed until further order of the Court or from one year from the date of the sealing Order.

Assistant United States Attorney Scott Matthews has reviewed this affidavit.

I swear, under penalty of perjury, that the forgoing is true and correct to the best of my knowledge.

Respectfully Submitted,

*Britton B. Lorenzen*

Britton Baker Lorenzen
Special Agent
Homeland Security Investigations (HSI)

SWORN TO ME VIA TELEPHONE OR
OTHER RELIABLE ELECTRONIC MEANS
AND SIGNED BY ME PURSUANT TO
FED. R. CRIM. P. 4.1 AND 4(d) OR 41(d)(3),
AS APPLICABLE.

This 1st day of August, 2024
Columbia, South Carolina

The Honorable Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

## Attachment A

### Property to Be Searched

1. The entire property located at 338 Lake Frances Drive, West Columbia, South Carolina 29170 (**Target Location**), including the residential building, outbuildings, and appurtenances thereto. The Target Location is a two-story brick house. There is a black mailbox located to the left side of the residence next to the driveway closest to the road with the numbers "338" affixed on the front door of the mailbox. The residence is a mixed brick color of brown and beige and has black shutters on some of the windows of the home. The number "338" is displayed on the window casing of the bay window closest to the front porch located on the right side of the residence. There is an attached two car garage with a grayish door. The premises are located on Lake Frances Drive in the Lake Francis / The Shores neighborhood. A photograph of this residence is below:



2. Any vehicles linked to **Target Individual**, including the following vehicles pictured below that have been observed at the residence:

2019 Dodge Pick-up truck, VIN: 1C6SRFFT7KN727281, SC License Tag: 4305LN
2017 Chevrolet Suburban, VIN: 1GNSKJKCXHR140622, SC License Tag: REP90



3. As for **Target Individual**, Robert John May, III, the person to be searched is a West Columbia, S.C. resident who is the target of this investigation with a date of birth of October 18, 1986 and believed to be associated with **Target Location**, for papers, documents, things, and electronic devices described in Attachment B. Below is the S.C. DMV photograph of Robert John May, III:



## Attachment B

### Property to be Searched for and Seized

As for **Target Location** and **Target Individual**, this warrant authorizes law enforcement to search for and seize any and all evidence, contraband, fruits, or other items illegally possessed, or property designed for use, intended for use, or used in committing or facilitating violations of the Target Offense identified in this warrant, namely: 18 U.S.C. § 2252A(5)(B) (possession of child pornography), including but not limited to:

1. Computers, laptops, electronic devices, cellular phones, including but not limited to a Samsung SM-G781U1 Android smart phone (**Target Phone #1**), printers, thumb drives and external hard drives, or any other storage media found at **Target Location** or on person of **Target Individual** that agents have information and/or a reasonable belief may have been in **Target Individual**'s possession or control and/or were used to facilitate or commit the violation described above. This warrant authorizes the seizure of such devices, but not the extraction of the same. If and when such devices are seized pursuant to this warrant, the Government will seek separate authority to search such devices as appropriate.

2. For any electronic storage media whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant:

3. Routers, modems, and network equipment used to connect computers to the Internet and records, information, and items relating to violations of the statutes described above including:

    a. Records, information, and items relating to the occupancy or ownership of the **Target Location** or addressed correspondence;
    b. Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes; and
    c. Records and information relating to the identity or location of the persons suspected of violating the statutes described above.

As used above, the terms "*records*" and "*information*" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies). The term "*Device*" or "*computer*" includes all types of electronic, magnetic, optical, electrochemical, or other high-speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "*storage medium*" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro-SD cards, macro-SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage,

floppy disks, compact discs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.

4. Books and magazines containing visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256 or relating to the sexual exploitation of minors;

5. Originals, copies, and negatives of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256 or relating to the sexual exploitation of minors;

6. Motion pictures, films, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256 or relating to the sexual exploitation of minors;

7. Any physical keys, encryption devices, dongles and similar physical items necessary to access computer equipment, storage devices or data;

8. Any and all adapters, chargers or other hardware items necessary to charge the battery, or to maintain the functioning of, any of the equipment described above; and

9. Records evidencing occupancy or ownership of the premises described above, including, but not limited to, utility and telephone bills, mail envelopes, or addressed correspondence;

10. Any data or materials establishing ownership, use or control of any computer equipment seized from **Target Location**.

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☑ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of South Carolina ▼

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Target Location and Target Individual as particularly ) Case No.    3:24-cr-00655
described in attachment A to the search warrant )
affidavit of SA Britton Lorenzen dated August 1, 2024 )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ South Carolina _____
*(identify the person or describe the property to be searched and give its location):*
See attachment A to the affidavit of HSI Special Agent Britton Lorenzen.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*
See attachment B to the affidavit of HSI Special Agent Britton Lorenzen

**YOU ARE COMMANDED** to execute this warrant on or before August 15, 2024 *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    The Honorable Paige J. Gossett    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____    .

Date and time issued: August 1, 2024
3:36 p.m.    _____
*Judge's signature*

City and state:  Columbia, South Carolina    Paige J. Gossett, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |