IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:25-cr-778-CMC |
| | ) | |
| vs. | ) | |
| | ) | |
| **ROBERT JOHN MAY, III,** | ) | |
| a.k.a. "joebidennnn69," | ) | |
| a.k.a. "Eric Rentling" | ) | |

**Government's Response in Opposition to**
**Motion in Limine to Exclude Evidence**

Defendant Robert John May, III has filed a motion in limine in which he asked this Court to exclude four types of evidence, generally claiming each is irrelevant or unduly prejudicial. ECF No. 71. For the reasons below, the motion should be denied.

**I.    Factual and Procedural History**

On May 27, 2024, a tip was sent by Kik, a social-media platform, to the National Cetner for Missing and Exploited Children (NCMEC), which reported that a Kik account with the username "joebidennnn69" distributed child pornography videos to other Kik users 50 times in March and April 2024. The account's IP address was geolocated to West Columbia, South Carolina.

On June 27, 2024, the Lexington County Sheriff's Department (LCSD) obtained a state search warrant compelling AT&T to produce subscriber information for the IP address. AT&T identified May as the subscriber, with the service address at his West Columbia residence.

That same day, the LCSD obtained a state warrant for the "joebidennnn69" Kik account. On July 12, 2024, Kik produced records confirming that the account was created on March 30, 2024, using a Samsung SM-G781U1 Android, the same make and model as May's cell phone. Registration and subsequent activity were tied to the AT&T IP address at May's residence. Kik's

1

production further showed that the account was used to distribute child pornography to other Kik users at least 479 times in a five-day period. More than 430 of those distributions were sent from May's home IP address and the balance were sent using the internet through May's cell phone or a virtual private network (VPN). The account also sent more than 1,100 messages across that time.

On August 1, 2024, United States Magistrate Judge Paige J. Gossett issued a federal search warrant to search May's residence. On August 5, 2024, HSI and the South Carolina Law Enforcement Division (SLED) executed the warrant. During the search, May identified his personal Samsung SM-G781U1 smartphone, located on his nightstand next to his CPAP machine.[1]

Forensic analysis of May's phone yielded several items of evidentiary value. First, the user dictionary included the term "joebidennnn" and the same email used to register the Kik account. Additionally, artifacts showed the installation of Kik, as well as Telegram, Mega, and Session, all of which are additional applications discussed by joebidennnn69 in Kik messages. All four of the applications were deleted on April 4, 2024, within seconds of each other. Also, there were hundreds of Kik notifications received by May's device while the joebidennnn69 account was active.

Although May deleted the Kik application along with the other applications, Kik's records preserved 265 child pornography videos on the account. Analysis of Kik logs confirmed that the account connected 958 times via May's home Wi-Fi, 67 times via his Verizon account, and 48 times via a VPN. May had a VPN application installed on his phone. In addition, agents gathered evidence from numerous providers, including Facebook, Mega Telegram, PayPal, and AirBnB, and from May's phone related to his use of those applications and others.

---

[1] An identical phone belonging to his wife was found on the opposite nightstand, but unlike May's phone, forensic analysis revealed no activity related to the child pornography scheme on her device.

On June 10, 2025, May was charged by a federal grand jury with 10 counts of child pornography distribution.  ECF No. 3.  Trial is set to begin on October 9, 2025.  ECF No. 59.

On September 17, 2025, May filed a motion in limine, in which he asked this court to exclude evidence of or any reference to (1) any applications other than Kik; (2) May's travel history or activity while travelling; (3) any child pornography recovered from anywhere other than his personal cell phone, which in this case would be a reference to any child pornography at trial; and (4) any reference to "Eric Rentling," which is a name he operated under during this scheme.  ECF No. 71.  His argument for each is brief and undeveloped.  He generally claims evidence central to the allegations is irrelevant and unfairly prejudicial.  *Id.*  For the reasons below, the motion should be denied.

**II.    Law**

Under Rule 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" and if "the fact is of consequence in determining the action."  Fed. Rule Evid. 401; *See generally Old Chief v. United States*, 519 U.S. 172, 178 (U.S. 1997).  "Consequently, what constitutes relevant evidence depends on the facts of the case, the nature of the charges, and the associated defenses." *United States v. Sanders*, 107 F.4th 234, 257 (4th Cir. 2024); *see also Sprint/United Management Co. v. Mendelsohn,* 128 S.Ct. 1140, 1147 (2008) (relevance exists "as a relation between an item of evidence and a matter properly provable in the case").

Under Rule 403, a court may exclude relevant evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. Rule Evid. 403.  The Fourth Circuit attributes great weight to the curative power

of a cautionary instruction when considering Rule 403 challenges. *See, e.g., United States v. Sterling*, 860 F.3d 233, 248 (4th Cir. 2017) ("the court's jury instructions explicitly prohibited the jury" from improper considerations); *United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013) (finding the limiting instruction effectively mitigated "any risk of unfair prejudice"); *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) ("the possibility of unfair prejudice … was abated by the two limiting instructions").

Unfair prejudice is a high bar. "The mere fact that the evidence will damage the defendant's case is not enough—the evidence must be unfairly prejudicial, and the unfair prejudice must substantially outweigh the probative value of the evidence." *United States v. Hammoud*, 381 F.3d 316, 341 (4th Cir. 2004) (en banc) (cleaned up), vacated on other grounds, 543 U.S. 1097 (2005). Evidence is unfairly prejudicial "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and ... this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (cleaned up). The broad discretion of a trial court in admitting evidence over unfair prejudice challenges is illustrated by the range of such evidence that has been approved by the Fourth Circuit. *See, e.g., United States v. Blauvelt*, 638 F.3d 281, 292 (4th Cir. 2011) (approving the admission of videos of the defendant masturbating and having sex with adult women in a child pornography trial to show identity reasoning the evidence "was less sensational than the child pornography" charged); *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007) (approving the admission of evidence of a 22-year-old attempted rape of a child conviction under Rule 414 in a prosecution for interstate travel to have sex with a child); *United States v. Forrest*, 429 F.3d 73, 80 (4th Cir. 2005) (approving the admission of adult homosexual pornography in a child pornography prosecution to show identity).

In considering whether evidence is unfairly prejudicial, courts consider whether the evidence is more "sensational or disturbing" than the charged conduct; if it is not, courts are less likely to exclude borderline evidence. *United States v. Fuertes*, 805 F.3d 485, 494 (4th Cir. 2015) (*quoting United States v. Boyd*, 53 F.3d 631, 637 (4th Cir.1995). Finally, as for misleading the jury, "the type of 'misleading' that the Rule and courts are concerned about is evidence that will cause the jurors to misunderstand or misapprehend some relevant or material fact—*i.e.*, that there will be some "harm" to the factfinding process. *United States v. Russell*, 747 F.Supp.3d 827, 831 (D.Md., 2024); *see also United States v. Sanders*, 107 F.4th 234, 258 (4th Cir. 2024) (trial court determinations related to whether evidence may mislead the jury are overturned "only under the most extraordinary circumstances") (cleaned up).

Rule 404(b) excludes the admission of "other crimes, wrongs, or acts" to prove conformity therewith (propensity evidence). Fed. R. Evid. 404(b). However, Rule 404(b) expressly allows for the admission of other bad acts to prove intent, preparation, plan, knowledge, and identity. Fed. R. Evid. 404(b). To admit evidence of uncharged bad acts under Rules 404(b) and 403, the Fourth Circuit has held that it must satisfy the following criteria:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. ... (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Bell*, 901 F.3d 455, 465 (4th Cir. 2018) (citing *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997)).

5

### III. Analysis

#### a. Applications other than Kik

First, May moves this Court to exclude evidence of or any reference to applications other than Kik. ECF No. 71 at 1. He argues that evidence is (1) irrelevant, (2) unfairly prejudicial, and (3) that it would "mislead the jury into believing the Defendant engaged in CSAM activity across multiple platforms." *Id*.[2]

Here, the application evidence is relevant to show that May controlled the joebidennnn69 account. For example, Kik records reveal that after joebidennnn69 discussed the Mega application with another user, the Mega application was installed on May's cell phone, and that May's cell phone received three Mega confirmation e-mail messages. ECF No. 70-7 at 2. The same is true for Telegram. First, the joebidennnn69 account discussed the Telegram application with another user; second, May's laptop searched on Google for the Telegram application; and third, May's cell phone downloaded the Telegram application and received e-mail and text message confirmations. *Id*. at 3. Then came Session, an encrypted message application. After another Kik user suggested the application and joebidennnn69 asked, "Whats session," the application was installed on May's cell phone. *Id*. at 4. All three applications were then deleted together with Kik within seconds of each other. *Id*. at 2-4. It is relevant to show that joebidennnn69's conversations correlate with activity on May's phone and laptop. That shows May controlled the joebidennnn69 account. And

---

[2] May also bases his request to exclude application evidence on an answer the agent gave while being cross examined at the detention hearing. ECF No. 71 at 3. As he does in his *Franks* motions, May omits the balance of the agent's responses on the same issue, such as her testimony that Kik, Telegram, Sessions, and Mega "are encrypted apps" that "are used a lot for distribution and receipt of child pornography" (ECF No. 64-1 at 56), that several of the applications were registered using the same false name (*Id*. at 25), and that they were all deleted from his phone, together with Kik, within 20 seconds of each other (*Id*. at 20). In any event, the evidence is relevant for the reasons stated in this section, and if May takes issue with the agent's testimony regarding the applications, he can cross examine her on the point at trial.

because the application evidence stretched across a multi-day period, it also shows the conduct was knowing and intentional, and not inadvertent or by accident. The evidence is relevant.

Not only has May failed to show that the risk of unfair prejudice substantially outweighs the probative value of the application evidence, he has failed to show the risk of unfair prejudice at all. Basic identity evidence does not carry the risk that the jury will be "excited to irrational behavior." *Williams*, 445 F.3d at 730. It may be prejudicial to show that May's phone and laptop searched and downloaded specific applications after the joebidennnn69 discussed them, but it is not unfairly prejudicial. That is classic identity evidence, and it speaks to a core question for the jury: who controlled the Kik account?

Any inference that May engaged in child pornography conduct on other applications is also not persuasive given the evidence that the jury will already hear and the highly probative nature of the application evidence. *See, e.g., Williams*, 445 F.3d at 731 (no error admitting evidence of a shooting at a gun possession trial given the probative value to show gun possession); *United States v. Myers,* 280 F.3d 407 (4th Cir. 2002) (same, in a shooting that resulted in death); *United States v. Grimmond*, 137 F.3d 823 (4th Cir. 1998) (same). What's more, to the extent the application evidence infers other child pornography conduct, that evidence is admissible as inextricably intertwined evidence and evidence of other child molestation within the meaning of Fed. R. Evid. Rule 414(a) for the reasons briefed in the Government's motion in limine. ECF No. 70 at 4-8; *see also United States v. Beeman*, 135 F.4th 139, 146 (4th Cir. 2025) (approving the admission of an uncharged threat letter because it completes the story of the charged threat letter). The story of May's conduct cannot be presented by hiding from the jury the details and context of the distribution scheme, which show identity, intent, knowledge, and plan, and that May accomplished

what he was discussing on the Kik account. And if there are concerns of unfair prejudice, the remedy is a cautionary instruction, not exclusion. *See, e.g., United States v. Sterling*, 860 F.3d 233.

May also writes that the evidence is "intended" to mislead the jury into believing that May engaged in some conduct that the evidence does not support. ECF No. 71 at 3. He is wrong. Again, purpose of the application evidence is to show identity: the same person who controlled May's phone and laptop controlled the joebidennnn69 account. That evidence is relevant, and it is not substantially outweighed by the risk of unfair prejudice or that the jury would be misled. Because the application evidence is relevant and admissible, the motion should be denied.

### b. May's travel history or activity while travelling.

Second, May requested this Court exclude evidence of or any reference to his travel history or alleged acts while travelling. ECF No. 71 at 1-2. In that, May is referencing his travels to Colombia in 2023 and 2024 under the same pseudonym he used in connection with the child pornography scheme, Eric Rentling. While in Colombia, May engaged in commercial sex with various women and recorded that conduct. Those recordings show May was using the same pseudonym as the Kik account user around the same time period. As support, May argues (1) that the travel evidence occurred on dates other than the charged counts; (2) that the travel evidence is impermissible character evidence under Fed. Rule Evid. 404(b)(2); and (3) that the travel evidence would confuse the issues, mislead the jury, and be unfairly prejudicial. *Id*. at 2.

Here, the travel evidence is relevant to show that May controlled the joebidennnn69 account. When joebidennnn69 discussed the Mega and Telegram applications with other users, both applications were installed on May's cell phone. And when they were, a particular pseudonym—Eric Rentling—was used to set up the account, along with the e-mail address ericrentling@gmail.com.

May's travel history is one way the Government will show that May shared a pseudonym with the user of the Kik account. A review of May's phone revealed a Facebook account under the name of Eric Rentling, and review of that Facebook account and WhatsApp communications on May's phone revealed conversations in the name of Eric Rentling between April 2023 and July 2024 with dozens of females in Colombia. Those conversations also show "Eric Rentling" travelled to Colombia and had sex with numerous females. Nine videos were seized from an SD card in May's truck showing May having sex with such women. Redacted screen grabs from those videos will show the man in fact was May.[3] Travel and Airbnb records confirm that May travelled to Colombia three times in 2023 and 2024, and Google Map locations recovered from May's laptop include three hotels in Medellín, Colombia. The travel evidence is relevant to show that May controlled the joebidennnn69 account because it shows May and the Kik account shared a very specific pseudonym.

May's argument that the travel occurred on dates other than the child pornography distributions not persuasive. The travel evidence is relevant to show identity, as discussed above, and May cites to no authority that the Government can only prove identity through conduct that occurred at the same time as the charged distributions.

May has also failed to show that the travel records carry a risk of confusing the issues, misleading the jury, or unfair prejudice in a way that substantially outweighs the probative value of the evidence. May's complaints to those ends are not briefed in any way. Also, to protect

---

[3] The images are still frames from videos May recorded with a GoPro camera of him having sex with the women in Columbia while travelling under the name of Eric Rentling. That is the only setting in which May recorded himself while travelling as Eric Rentling. The Government has redacted the images to remove anything sexually explicit while preserving their relevance—to show it was May who was posing as Eric Rentling in 2023 and 2024, just like the joebidennnn69 account.

against any unnecessary prejudice or distraction, the Government has redacted the photographs from Colombia and the Government will not allege at trial that the women were underage. The sanitized photographs are relevant to show identity, and they are not more "sensational or disturbing" than the charged conduct. *Fuertes*, 805 F.3d 485. And if there is any risk of unfair prejudice, the remedy is a curative instruction, not exclusion. *Sterling*, 860 F.3d 233.

May also argues that evidence of commercial sex in Colombia represents other bad acts that are inadmissible under Fed. R. Evid. Rule 404(b). ECF No. 71 at 4. As a threshold matter, that argument fails because the Government is not seeking to use travel evidence as propensity evidence. The Government will not make a propensity argument with respect to commercial sex; May is not charged with commercial sex.

To the extent the Court concludes commercial sex acts in Colombia represent "other bad acts," such evidence is also admissible under Rule 404(b). There is a permissible purpose for the evidence: Rule 404(b) expressly allows for the admission of other bad acts to prove identity. Fed. R. Evid. 404(b)(2).[4] Travel evidence will be used to show that May shared and the of the Kik account shared a pseudonym. That is evidence of identity. All of the essential elements of admissible 404(b) evidence, *Bell*, 901 F.3d at 465 (4th Cir. 2018), are satisfied. First, the travel evidence is relevant to show identity in that May used the same pseudonym used by the joebidennnn69 account. Second, the evidence is probative of an essential claim in this case, that May controlled the Kik account. Third, the evidence is reliable in that it came from valid federal

---

[4] Fed. R. Evid. Rule 404(b)(3) requires the Government provide the Defendant written notice if it intends to offer 404(b) evidence at trial. While the Government does not consider the travel evidence 404(b) evidence, to the extent the Court does, through his filing, the Government is providing May that notice. The Government seeks to use this evidence for the purpose of showing identity; specifically, that May operated under the name of Eric Rentling, which will be used to show May accessed and controlled the joebidennnn69 account. The reasons and support for that purpose are detailed in this filing.

legal process and will be supported by witness testimony and exhibits. And fourth, the probative value is not substantially outweighed by confusion or unfair prejudice. The Government will not allege at trial that May paid for sex with underage victims. Commercial sex is far less inflammatory than the large volume of graphic and extreme child pornography conduct that will be at the center of this prosecution, and May cannot establish that travel evidence would cause emotion to predominate over reason. *Williams*, 445 F.3d at 730. To the extent commercial sex in Colombia represents other bad acts, evidence of the same is admissible under Rule 404(b) to show identity. Because the travel evidence is relevant and admissible, the motion should be denied.

### c. Child pornography files recovered from anywhere other than May's phone

Third, May moves this Court to exclude evidence of or any reference to child pornography videos not extracted from his devices. ECF No. 71 at 2. Of course, in doing so May is asking to exclude all evidence of child pornography from trial. He argues such evidence would "mislead the jury into believing the videos were extracted or discovered on the Defendant's electronic devices." *Id*.

Here, there is no such risk. The Government has never advanced the theory that the child pornography was recovered from May's phone extraction—not in discovery, not at prior hearings, and not at the meet and mark with May—and the Government will not do so at trial. And to the extent any such confusion arises, the remedy is cross examination, not the wholesale preemptive exclusion of relevant evidence. Because there is no risk of misleading the jury "into believing the videos were extracted or discovered on the Defendant's electronic devices," the motion should be denied.

### d. Any reference to Eric Rentling

Finally, May asked this Court to exclude evidence of or any reference to the Eric Rentling, a pseudonym shared by May and the account user. ECF No. 71 at 2-3. He argues that whether he acted under the false name "has no bearing" on the scheme as charged. *Id*. at 3. Any probative value, May argues, is outweighed by the risk of unfair prejudice, and that such evidence will confuse the issues mislead the jury. *Id*.

Here, May is mistaken when he writes that the false name has "no bearing" on the case. For the reasons discussed above, it shows he controlled the joebidennnn69 account. When joebidennnn69 chatted about specific applications, those applications were downloaded on May's phone using the Eric Rentling identity. The travel records is one way the Government will show that May took on the Eric Rentling identity, but it is not the only way. Facebook records show the Eric Rentling account, which was found on May's phone and laptop, was searching for information related to the S.C. House of Representatives, where May served at the time of the offense. PayPal records, Airbnb records, and an e-mail account on May's phone will all show May took on the Eric Rentling identity the same time that the joebidennnn69 account did. That is relevant identity evidence.

And for the reasons stated in the section above, the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice, confusions of the issues, or that the jury would be misled. May has provided no reason to believe that evidence of his pseudonym will cause emotion to predominate over reason. *Williams*, 445 F.3d at 730. Because the Eric Rentling evidence is relevant and admissible, the motion should be denied.

**IV. Conclusion**

In short, if May cannot suppress the search of his home or the search of his device, he would like the Court to suppress evidence seized from both. But his cursory, undeveloped arguments do not support the relief he seeks. May's motion in limine should be denied.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: *s/ Elliott B. Daniels*
Elliott B. Daniels (#11931)
J. Scott Matthews
Assistant U.S. Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
Phone: 803-929-3000
Elliott.Daniels@usdoj.gov

Austin Berry
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:25-cr-778-CMC |
| | ) | |
| vs. | ) | |
| | ) | |
| **ROBERT JOHN MAY, III,** | ) | |
| a.k.a. "joebidennnn69," | ) | |
| a.k.a. "Eric Rentling" | ) | |

## CERTIFICATE OF SERVICE

As attorney of record, on September 23, 2025, I caused to be served one true, correct, and filed copy of the attached **Response in Opposition to Motion in Limine to Exclude Evidence**, together with its attachments, via hand delivery on the following person(s):

Robert John May, III
c/o U.S. Marshal's Service
Edgefield County Jail
200 Railroad Street,
Edgefield, SC 29824

    Respectfully submitted,

    BRYAN P. STIRLING
    UNITED STATES ATTORNEY

    By: *s/ Elliott B. Daniels*
    Elliott B. Daniels (#11931)
    Assistant U.S. Attorney
    1441 Main Street, Suite 500
    Columbia, SC 29201
    Phone: 803-929-3000
    Fax: 803-254-2912
    Elliott.Daniels@usdoj.gov

September 23, 2025